UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER DELUCA, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No. 1:24-cv-01524-JLT-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE MOTIONS TO APPOINT GUARDIAN AD LITEM<br><br>(Docs. 3, 4)<br><br>**14-DAY DEADLINE** |

### **Background**

Plaintiffs Jennifer DeLuca and minors M.D. and G.D., by and through their proposed guardian ad litem Anthony DeLuca, the minors' biological maternal grandfather (collectively, "Plaintiffs"), commenced this civil rights action with the filing of a complaint against Defendants Kern County, Kern County Sheriff's Office, Kern County Hospital Authority, and Sheriff Donny Youngblood (collectively, "Defendants") on December 12, 2024. (Doc. 1).

Pending before the Court are the motions of minor Plaintiffs M.D. and G.D. to appoint their biological maternal grandfather, Anthony DeLuca, as guardian ad litem, filed December 12, 2024. (Docs. 3, 4).

### **Applicable Legal Standard**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad

1

litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such

appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**Discussion**

The supporting declaration of Anthony DeLuca accompanying the motions sets forth that G.D. is 9 years old and M.D. is 14 years old, and that both minors reside with the proposed guardian ad litem, who is their biological grandfather. (Docs. 3, 4 at 3). The proposed guardian ad litem represents that on or about October 22, 2023, the minors' mother, Plaintiff Jennifer DeLuca, was experiencing a mental health crisis which prompted her family to contact the Kern County Sheriff's Office for assistance, and on or about October 27, 2023, Jennifer DeLuca attempted suicide by jumping off the second floor of the housing module to which she was booked, resulting in serious and permanent injuries to her person. (*Id.*). The proposed guardian ad litem further represents that as a result of those injuries, Jennifer DeLuca is now physically and mentally disabled such that she cannot maintain a meaningful or similar relationship that she once had with her children G.D. and M.D. (*Id.*). The proposed guardian ad litem represents that both G.D. and M.D. have no other appointed representative or guardian, and as minors, can only bring their claims by way of a guardian ad litem.

(*Id.*).  A review of the docket confirms that no other motion for appointment of guardian ad litem for either G.D. or M.D. has been filed.  The proposed guardian ad litem declares that he has no known or foreseeable interests adverse to those of G.D. or M.D.  (*Id.* at ¶ 6).  The proposed guardian ad litem represent that he could competently testify to the matters concerned and he is qualified to understand and protect the rights of both G.D. and M.D. in this action.  (*Id.* ¶¶ 1, 3).  Plaintiffs are suing Kern County (Doc. 1) and there does not appear to be any conflict of interest among the claims and claimants.

Plaintiffs' motions do not comply with Local Rule 202(c).  Neither motion discloses the terms under which counsel for Plaintiffs was employed and whether counsel became involved in the application at the insistence of any Defendant.  (Docs. 3, 4).  Moreover, Plaintiffs' motions do not demonstrate whether counsel for Plaintiffs stands in any relationship to Defendants or whether counsel has received or expects to receive any compensation, from whom, and the amount.  *See* E.D. Cal. Local Rule 202(c).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiffs' motions for the appointment of guardian ad litem (Docs. 3, 4) are DENIED without prejudice.

And it is FURTHER ORDERED that, **within 14days** of the date of entry of this order, Plaintiffs SHALL FILE renewed applications that remedy the aforementioned deficiencies consistent with Local Rule 202(c).

IT IS SO ORDERED.

Dated:   **December 16, 2024**                         _____
                                                       UNITED STATES MAGISTRATE JUDGE